UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 1 2 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Bandjan Mohamed Traore, )
                                           )
        Plaintiff, )
                                           )
        v. )    Civil Action No. 17-2307 (UNA)
                                           )
Ambassador of Burkina Faso *et al.*, )
                                           )
        Defendants. )
                                           )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of a case when jurisdiction is found wanting).

Plaintiff is in a quandary. He alleges that he was "born in Burkina Faso in the United Kingdom Embassy," and is a "British National." Compl. at 2. Plaintiff has "received a final order of removal [to Sierra Leone] from an Immigration Judge," but he has yet to be removed because Immigration and Customs Enforcement "has been unable to obtain travel documents." *Id.* While incarcerated, plaintiff's stepmother allegedly obtained a passport for him from Sierra Leone, "which made [plaintiff] believe [that he has] a national status to Sierra Leone." *Id.* Consequently, plaintiff has "requested Sierra Leone as [his] second country." *Id.*

Plaintiff sues the Ambassadors of Burkina Faso, United Kingdom, and Sierra Leone to obtain travel documents. He seeks an order from this Court to compel one of those countries to grant his "immediate citizenship," Compl. at 4, although in a supplemental filing [Dkt. 3],

1

plaintiff claims to be a citizen of Burkina Faso and seeks "to stay and stop the Sierra Leone Embassy from issu[ing] travel document[s]."

The Foreign Sovereign Immunities Act ("FSIA") is the "sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). "The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies," *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citation and internal quotation marks omitted), or an existing international agreement provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005). *See* 28 U.S.C. § 1604 (conferring foreign state immunity "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act"). "Claims against foreign sovereigns that do not fall within the ambit of an FSIA exception are barred." *Simon v. Republic of Hungary*, 812 F.3d 127, 141 (D.C. Cir. 2016) (citation and internal quotation marks omitted). And waivers of sovereign immunity must be clear and unequivocal. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Plaintiff has alleged no facts, or pointed to any authority, to overcome the FSIA's jurisdictional barrier. Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

DATE: December /2/, 2017

United States District Judge